UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                               Case No.: 17-70428-AST

Cecilia Jones,                                         Chapter 7

                              Debtor.
-------------------------------------------------------X

## ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE

***General Background***

On January 26, 2017, (the "Petition Date"), Cecilia Jones ("Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). [dkt item 1]  Debtor is represented by Darren Aronow ("Debtor's Counsel").  As of the Petition Date, Debtor listed her residence as 3 Teller Avenue, Coram, New York 11727 (the "Property"). Debtor asserts in her bankruptcy schedules, *inter alia*, that she owns the Property as a tenant in common.

On March 13, 2017, Deutsche Bank National Trust Company as Trustee for GSAMP Trust 2007-FM1, Mortgage Pass-Through Certificates, Series 2007-FM1 ("Deutsche") filed a motion for relief from the automatic stay as to the Property seeking relief, *inter alia*, pursuant to 11 U.S.C. § 362(d)(1) (the "Stay Relief Motion").  [dkt item 16]  Deutsche asserts that it is the owner of the Property and in support has submitted evidence that it is the purchaser of the Property by way of a referee deed dated January 11, 2016 (the "Referee Deed"), issued pursuant to a Judgment of Foreclosure and Sale entered in favor of Deutsche as assignee of Fremont Investment & Loan on September 22, 2015 (the "Foreclosure Judgment").

On April 20, 2017, the Court held a hearing on the Stay Relief Motion, and on May 11, 2017, an adjourned hearing on the Stay Relief Motion (the "Adjourned Hearing"), at which counsel for Deutsche appeared, but neither Debtor nor Debtor's Counsel timely appeared.  At the

Adjourned Hearing, the Court orally granted Deutsche relief pursuant to 11 U.S.C. § 362(d)(1) and denied all other relief sought in the Stay Relief Motion.

On the same day, on May 11, 2017, Debtor, acting *pro se*, filed her first and only opposition to the Stay Relief Motion by filing a motion to reconsider, requesting the Court vacate the foreclosure and sale of the Property, and issue a cease and desist order to stop Deutsche from evicting Debtor from the Property (the "Motion to Reconsider").  [dkt item 23]

On June 7, 2017, the Court entered an Order granting Deutsche relief pursuant to 11 U.S.C. § 362(d)(1) for cause and denying Debtor's Motion to Reconsider (the "Stay Relief Order").  [dkt item 24]  In the Stay Relief Order, the Court stated:

> Here, the Rooker-Feldman doctrine applies because Debtor lost in the state court foreclosure action, the Foreclosure Judgment and Referee Deed were rendered before the Debtor commenced this case, and the Debtor seeks this Court's review of the Foreclosure Judgment and Referee Deed in the context of her opposition to the [Stay Relief] Motion.  There is no reason why Debtor's request to vacate the Judgement of Foreclosure and Referee Deed should be heard in bankruptcy court as opposed to state court.

Stay Relief Order at p.4.  Additionally, the Court stated:

> In the Motion to Reconsider, Debtor has pointed to no facts or case law which were overlooked by this Court in rendering its decision in connection with the [Stay Relief] Motion.  The Motion to Reconsider seems to request a "do-over" of the [Stay Relief] Motion and Debtor has failed to provide this Court with any analysis or case law that warrants any supplement to any of the Court's decisions. In addition, the court has considered Debtor's late opposition to the [Stay Relief] Motion and overruled all objections she has raised.

Stay Relief Order at p.7.

On June 20, 2017, Debtor filed a motion seeking to extend her time by three to four months to remain in the Property (the "Motion to Extend Time").  [dkt item 27]

On June 23, 2017, the Court entered a final decree closing Debtor's Chapter 7 case.  [dkt item 28]

On October 12, 2017, Debtor filed a motion to reopen her Chapter 7 case and extend her time to stay in the Property by 120 days (the "Motion to Reopen"), and scheduled a hearing on the Motion to Reopen for October 31, 2017.  [dkt item 29]

On October 16, 2017, Debtor filed an application for an order to show cause seeking, among other things, to reopen her Chapter 7 case and stay the eviction of Debtor from the Property for 120 days (the "Order to Show Cause").  [dkt items 30, 31, and 35]  Debtor asserts, among other things, that she needs more time to vacate the Property and that Deutsche has committed various violations under 18 U.S.C. §§ 241, 242, 245, and 42 U.S.C. § 3631.

On October 16, 2017, Debtor filed a motion seeking the Court to request *pro bono* counsel for Debtor (the "Application for Counsel").  [dkt item 32]

On October 16, 2017, the Court held a hearing on the Motion to Reopen and Order to Show Cause, at which Debtor and counsel for Deutsche appeared.

### *Legal Analysis*

Bankruptcy Rule 5010 authorizes debtors or other parties in interest to move to reopen a closed bankruptcy case within a reasonable time.  *See* Fed. R. Bankr. P. 5010; *In re Mohammed*, 536 B.R. 351, 354 (Bankr. E.D.N.Y. 2015).  Section 350(b) of the Bankruptcy Code authorizes courts to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *Mohammed*, 536 B.R. at 354.  This Court has previously stated that "[t]he statute's permissive language provides the Court with broad discretion to determine whether a debtor filed a motion to reopen in good faith or has demonstrated good cause." *In re Farley*, 451 B.R. 235, 237 (Bankr. E.D.N.Y. 2011).

The decision to reopen a case "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz v. I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 Fed.Appx. 199, 200 (2d Cir. 2004) (quoting *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996)). Although a motion to reopen is generally considered a "ministerial act," in determining whether to grant the motion, it is appropriate for the Court to review the legal merits of the relief sought upon reopening. *See In re Smith*, 426 B.R. 435, 440 (E.D.N.Y. 2010) *aff'd Smith v. Silverman (In re Smith)*, 645 F.3d 186 (2d Cir. 2011). This Court will limit the exercise of its discretion to reopen a closed case "in circumstances where relief may ultimately be afforded to a party, but not where reopening is futile or a waste of judicial resources." *Farley*, 451 B.R. at 237; *Mohammed*, 536 B.R. at 355.

The moving party carries the burden of proof in establishing cause to reopen. *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) *appeal dismissed* 2012 WL 3307357, 2012 U.S. Dist. LEXIS 113133 (E.D.N.Y. Aug. 12, 2012). In determining whether cause exists, courts must also consider "whether reopening a case would prejudice the adversary's position." *In re Stein*, 394 B.R. 13, 15 (Bankr. E.D.N.Y. 2008).

Here, Debtor has failed to establish cause to reopen her Chapter 7 case. This Court has already determined in the Stay Relief Order that Deutsche has submitted uncontroverted evidence that it received title to the Property through the Referee Deed and that its interest in the Property is not adequately protected. Additionally, this Court has already determined that the Rooker-Feldman doctrine applies because Debtor lost in the state court foreclosure action, the Foreclosure Judgment and Referee Deed were rendered before the Debtor commenced this case, and the Debtor seeks this Court's review of the Foreclosure Judgment and Referee Deed. This Court denied Debtor's Motion to Reconsider seeking to stop Deutsche from evicting Debtor

4

from the Property, which is essentially the same relief Debtor requests in her Motion to Reopen and the Motion to Extend Time.  Debtor has failed to establish the legal merits from a bankruptcy case perspective of staying Deutsche from exercising its remedies against the Property, and why that relief could not be sought from the state court overseeing the foreclosure and eviction process.  Reopening Debtor's Chapter 7 case to stay Deutsche's remedies against the Property would prejudice Deutsche's position because Deutsche has already obtained relief from the automatic stay, the Court has denied Debtor's Motion to Reconsider, and Debtor's Chapter 7 case has been fully administered and closed.  Debtor has failed to establish how reopening her Chapter 7 case could ultimately afford Debtor or the estate any relief or how reopening her case would not be a waste of judicial resources.

As for the Application for Counsel, because no bankruptcy purpose would be served by reopening this case, Debtor's application is denied as moot.  Similarly, Debtor's Motion to Extend Time is also denied as moot.

Accordingly, it is hereby

**ORDERED**, that Debtor's Motion to Reopen [dkt item 29] and Order to Show Cause [dkt item 30] are denied; and it is further

**ORDERED**, that Debtor's Motion to Extend Time [dkt item 27] is denied as moot; and it is further

**ORDERED**, that Debtor's Application for Counsel [dkt item 32] is denied as moot; and it is further

**ORDERED**, that the Clerk of Court shall serve a copy of this Order upon Debtor,

Debtor's Counsel and all parties who filed a notice of appearance in this case.



Dated: December 12, 2017
      Central Islip, New York

**Alan S. Trust**
**United States Bankruptcy Judge**